BEFORE THE THIRD DIVISION, MAY 5, 1953

No. 57305.—Acme Watch Co. and Frank P. Dow Co., Inc., et al. *v.* United States, protests 184787–K, etc. (Los Angeles).

EKWALL, Judge:   These cases, which have been consolidated, involve the question of the proper rate at which the currency of the invoices (Swiss francs), covering certain Swiss watch movements and watchcases, should be converted into United States dollars under the provisions of section 522 (c) of the Tariff Act of 1930 (31 U. S. C. 1940 ed. § 372).   The claim specifically is that in liquidation the "free" rate of exchange was used, whereas the Swiss francs should have been converted at the "official" rate.   Said liquidations were had pursuant to a decision of this court reported in Abstract 56303.   That case was submitted upon a stipulation of counsel that the appraisements of the merchandise and the liquidations of the entries were made in the same manner, under facts and circumstances similar in all respects to the appraisement and liquidation in *Gruen Watch Company* v. *United States,* 24 Cust. Ct. 101, C. D. 1216.

In the *Gruen Watch Company* case, *supra,* the invoices were made out in Swiss francs and entry was made in United States dollars.   The entered value was approved by the appraiser as indicated by a check mark on the summary sheet. At the time of appraisal, no certification of the buying rate for Swiss francs had

been received from the Federal Reserve bank by the Secretary of the Treasury. Therefore, the collector of customs was without either estimated or proclaimed values for that currency upon which to base his liquidation under section 522 (c), *supra.* He, therefore, withheld liquidation until the Treasury Department issued instructions for the conversion of Swiss francs (T. D. 51398). Upon receipt of these instructions, the papers were returned to the appraiser for action in conformity therewith. The appraiser thereupon altered his original appraisement and under the column headed "Remarks" on the summary sheet wrote the words "Free Swiss Fcs. T. D. 51398." This action was held by the court to constitute a second appraisement which was beyond the scope of the appraiser's authority, and it was further held that a liquidation based thereon was void.

Under authority of the *Gruen Watch Company* decision, we held in said Abstract 56303 that the liquidations there involved were illegal and that legal liquidations should be had which might form the basis for protests in which the importers might, should they so desire, litigate any questions presented by such action, under section 514 of the Tariff Act of 1930 (19 U. S. C. § 1514). Thereafter, upon liquidation, the collector used the same rate, i. e., the "free" rate in converting the Swiss francs to United States dollars. It is against these liquidations that the present protests were filed.

Plaintiffs produced the testimony of the deputy collector in charge of the liquidating division at the port of entry. He testified that the liquidations were incorrect in that the customs officials failed to follow instructions contained in said T. D. 51398, when taken in conjunction with instructions issued by the Commissioner of Customs, which instructions were that the "official" rate of exchange was the proper rate to be used in liquidation of entries covering watches entered during the period within which these entries were made. He further stated that this resulted in the customs authorities arriving at a greater amount of duty due than was legally assessable. The witness testified that the liquidator, who had since died, apparently acted in accordance with said T. D. 51398 but did not apply the modification made by C. I. E. 305/50. He further stated that if he had jurisdiction to reliquidate, he would use the "official" rate of exchange.

Upon this record, we find that the liquidations were in error and that plaintiffs' claim that the Swiss francs should have been converted at the applicable "official" rates, should be and the same is hereby sustained.

Judgment will be rendered accordingly.